10-1589-cv
Sanchez v. Connecticut Natural Gas Co.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of April, two thousand eleven.

PRESENT:
> ROBERT D. SACK,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

WILLIAM SANCHEZ,

> *Plaintiff-Appellant,*

> v.                                    No. 10-1589-cv

CONNECTICUT NATURAL GAS COMPANY,
> *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:        IGOR I. SIKORSKY, JR., Unionville, Connecticut.

FOR DEFENDANT-APPELLEE:        JARAD M. LUCAN, Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C., Bridgeport, Connecticut.

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, *J.*). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that the judgment of the district court is **AFFIRMED**.

Plaintiff William Sanchez, a former utility representative of defendant Connecticut Natural Gas Company ("CNG"), appeals from a final judgment entered on March 1, 2010, in the United States District Court for the District of Connecticut, granting CNG's motion for summary judgment and dismissing Sanchez's complaint in its entirety. Sanchez filed suit after he was terminated asserting claims for (1) unlawful discrimination based on race, gender, national origin, and age pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60 *et seq.*; and (2) First Amendment retaliation pursuant to Conn. Gen. Stat. § 31-51q.[1] On appeal, Sanchez essentially argues that the district court erred in granting summary judgment because genuine issues of material fact exist concerning (1) his discharge from CNG based on the company's unlawful discrimination and (2) CNG's retaliation in response to his complaints of discriminatory hiring practices. We assume the parties' familiarity with the facts and procedural history of the case.

We review a district court's grant of summary judgment *de novo*, and "will uphold the judgment only if the evidence, viewed in the light most favorable to the party against whom it is

---

[1] The district court appears to have applied federal First Amendment retaliation law to Sanchez's section 31-51q claim. Because courts construing section 31-51q have consistently looked to federal First Amendment law to determine whether section 31-51q gives rise to a cause of action, we follow suit here in applying this Circuit's jurisprudence to Sanchez's section 31-51q arguments. *See Bracey v. Bd. of Educ.*, 368 F.3d 108, 116 (2d Cir. 2004).

2

entered, demonstrates that there are no genuine issues of material fact and that the judgment was warranted as a matter of law." *Molinari v. Bloomberg*, 564 F.3d 587, 595 (2d Cir. 2009) (internal quotation marks omitted). For summary judgment purposes, a "genuine issue" exists where the evidence is such that a reasonable jury could decide in the non-moving party's favor. *Nabisco, Inc. v. Warner-Lambert Co.*, 220 F.3d 43, 45 (2d Cir. 2000). "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." *Shannon v. N.Y. City Transit* Auth., 332 F.3d 95, 99 (2d Cir. 2003) (internal quotation marks omitted).

First, Sanchez's discrimination claims are governed by the three-step burden shifting analysis from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[2] Under this familiar framework, the employee bears the initial burden of proving a prima facie case by a preponderance of the evidence by showing (1) membership in a protected class; (2) satisfactory job performance; (3) termination from employment or other adverse employment action; and (4) that the adverse action took place under circumstances giving rise to an inference of discrimination. *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000). After a prima facie case is made, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action, which, if proffered, places the burden on the plaintiff to demonstrate that the proffered reason is a pretext for unlawful discriminatory intent. *Id.*

---

[2] Although *McDonnell Douglas* concerned the burden and allocation of proof under Title VII, its framework is also applied to claims under 42 U.S.C. § 1981, *see Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010); the ADEA, *see Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010); and the CFEPA, *see Sample v. Wal-Mart Stores, Inc.*, 273 F. Supp. 2d 185, 189 (D. Conn. 2003) (citing *Brittell v. Dep't of Corr.*, 247 Conn. 148, 164 (1998)).

Assuming *arguendo* that Sanchez could establish a prima facie case of discrimination, we agree with the district court that Sanchez failed to offer evidence from which a reasonable jury could infer that the legitimate, nondiscriminatory reason for discharge offered by CNG—i.e., given the company's progressive discipline policy and Sanchez's earlier written warning, his discharge was warranted when his later payment arrangements for a fellow employee as well as one of his tenants violated multiple company policies—was a pretext for discrimination. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993) ("[A] reason cannot be proved to be 'a pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason." (emphasis removed)). Since Sanchez cannot point to any evidence sufficient to permit a rational trier of fact to conclude that the adverse employment action was more likely than not motivated by unlawful discriminatory animus based on his protected status, CNG was entitled to summary judgment as a matter of law on his discrimination claims. *See Stern v. Trs. of Columbia Univ.*, 131 F.3d 305, 312 (2d Cir. 1997).

Second, Sanchez appears to argue that CNG retaliated against him in response to his complaints, which he asserts are protected by the First Amendment, that the company had unlawfully discriminated against him in its hiring practices.[3] To the extent Sanchez has indeed pled this claim, we agree with the district court that there is insufficient evidence in this case to give rise to an inference that a causal connection exists between his protected speech—made in 2002 or 2003—and his subsequent termination at least two years later on November 9, 2005. *See Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cnty*, 252 F.3d 545, 554 (2d Cir.

---

[3] Sanchez has not argued on appeal that CNG retaliated against him following his complaints about the proration system. Because he has not pursued this claim on appeal, we deem it waived. *See Shakur v. Selsky*, 391 F.3d 106, 119 (2d Cir. 2004).

2001) (noting that a causal connection may be established indirectly based on proximity in time between protected activity and an adverse employment action but that the temporal relationship may also be too attenuated to establish such a link); *see also Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 274 (2001) (stating in the context of a Title VII retaliation claim that "[a]ction taken . . . 20 months later suggests, by itself, no causality at all"); *Morris v. Lindau*, 196 F.3d 102, 113 (2d Cir. 1999) ("[S]ince two years elapsed between [the plaintiff's allegedly protected activity] and his discharge, no inference of causation is justified.").

We have considered all of Sanchez's other contentions on this appeal and have found them to be without merit. For the reasons stated, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5